IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NARCISCO INOCENCIO,

    Plaintiff,                   No. CIV S-06-1675 GEB GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. On July 28, 2006, defendants removed this action from state to federal court because the complaint contains a constitutional claim. The court construes this as a civil rights action pursuant to 42 U.S.C. § 1983. Defendants paid the filing fee. The court will now screen the complaint. 28 U.S.C. § 1915(e)(2)(court may screen complaint notwithstanding payment of filing fee).

        Named as defendants are the California Department of Corrections and Rehabilitation (CDCR), Roderick Hickman, Warden Carey, the Prison Industries Authority (PIA), T. Moore, M. Power and D. Walterich. Plaintiff alleges that he was injured while working at his PIA job. In particular, plaintiff was injured while moving heavy metal slats from one location to another using laundry carts. Plaintiff alleges that the laundry carts were not adequate

1

for this job.

The only federal claim contained in plaintiff's complaint is that defendants violated his right to equal protection by denying his application for workmen's compensation benefits during the time he was injured. Plaintiff does not allege how his failure to receive workmen's compensation benefits violated the Equal Protection Clause. In addition, plaintiff does not identify which defendants denied his request for these benefits.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

1. Plaintiff's Equal Protection claim is dismissed because plaintiff has failed to link any defendant to this claim and because he has pled no facts in support of this claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with thirty days to file an amended complaint; failure to comply with this order will result in a recommendation of dismissal of this action;

2. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint pursuant to 42 U.S.C. § 1983.

DATED: 9/25/06                                    /s/ Gregory G. Hollows

                                                  GREGORY G. HOLLOWS
                                                  UNITED STATES MAGISTRATE JUDGE

ggh:kj
ino1675.ord